IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN ESPOSITO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 17-2936 |
| LAS VEGAS SANDS CORPORATION | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                          **FEBRUARY 21 , 2018**

   Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), and Alternatively, to Transfer Venue Pursuant to 28 U.S.C. §§ 1404 or 1406 (ECF No. 5). For the following reasons, Defendant's Motion will be granted, and the case will be transferred to the District of Nevada.

**I.  BACKGROUND**

   In this negligence action, Plaintiff alleges injuries as a result of a slip and fall that occurred at the Venetian, a hotel, casino, and resort located in Las Vegas, Nevada. Plaintiff filed a Complaint in the Court of Common Pleas of Northampton County, Pennsylvania, against Venetian's parent corporation, Las Vegas Sands Corporation, a Nevada Corporation with a principal place of business in Las Vegas, Nevada. (Def.'s Mot. Ex. B, ECF No. 5; Batarseh Aff. ¶¶ 4-5, Def.'s Mot. Ex. C.) The case was removed to this Court. Plaintiff alleges that Defendant is subject to this Court's jurisdiction because it does business in Pennsylvania through a subsidiary, the Sands Bethlehem, a casino and resort in Bethlehem, Pennsylvania.[1]

---

[1] Sands Bethlehem is owned and operated by Sands Bathworks Gaming, LLC, which is a limited liability company existing and organized under the laws of the Commonwealth of Pennsylvania. (Def.'s Mot. ¶ 9 & Ex. E.) The Venetian is owned and operated by the Venetian Casino Resort, LLC, which is a limited liability company existing and organized under the laws

As set forth below, Plaintiff has not established that Defendant is subject to the jurisdiction of this Court.

Plaintiff is an adult individual residing in New Jersey. (Compl. ¶ 1, Notice of Removal, ECF No. 1.) On June 19, 2015, Plaintiff was "a business invitee" at the Venetian in Las Vegas when she slipped and fell walking from the Jacuzzi to the towel area at the resort. (*Id*. ¶ 5.) She alleges that she suffered "severe and debilitating injuries" as a result of the fall. (*Id*.) She further alleges that the fall was the result of a wet and slippery substance on the floor and the absence of "wet floor" signs to warn her of the dangerous condition. (*Id*.)

On June 9, 2017, Plaintiff filed the Complaint in the State Court. (Compl.) The Complaint alleges one count against Defendant for negligence. (*Id*.) On June 28, 2017, Defendant removed the case. (Notice of Removal.) On July 7, 2017, Plaintiff filed a "stipulation of amount in controversy," which states that damages do not exceed $75,000. (ECF No. 2.) On August 11, 2017, an Order was entered granting Defendant's motion to strike Plaintiff's stipulation, and denying Plaintiff's request to remand the case to state court.

On August 1, 2017, Defendant filed this Motion to Dismiss. On August 16, 2017, Plaintiff filed a Response to the Motion. (Pl.'s Resp., ECF No. 8.) Defendant contends that the Court lacks personal jurisdiction over it. In the alternative, Defendant requests that the Court transfer venue to the District of Nevada.[2]

---

of Nevada. (Batarseh Aff. ¶ 15.) These two limited liability companies are either direct or indirect subsidiaries of Las Vegas Sands Corporation.

[2] We need not decide whether venue is proper in the Eastern District of Pennsylvania because we conclude that the Court lacks personal jurisdiction over Defendant. However, as explained further below, instead of dismissing the case, we will transfer the case to the District of Nevada.

## II.   LEGAL STANDARD

When faced with a Rule 12(b)(2) motion to dismiss based on lack of personal jurisdiction, the court must accept the plaintiff's allegations as true and resolve disputed facts in favor of the Plaintiff.  *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).  If a defendant contends that the Court lacks personal jurisdiction over it, then the plaintiff must "'prove by affidavits or other competent evidence that jurisdiction is proper.'"  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)).  As is the case here, if the district court does not hold an evidentiary hearing, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id.* (citation omitted).  A plaintiff can do this by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987).

## III.   DISCUSSION

Defendant argues that it is not subject to the jurisdiction of this Court because it is a Nevada corporation with its principal place of business in Las Vegas, Nevada.[3]

A district court "typically exercises personal jurisdiction according to the law of the state where it sits."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); Fed. R. Civ. P. 4(k)(A) (stating that service of summons "establishes personal jurisdiction over a defendant:  (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").  Pennsylvania's long-arm statute authorizes courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United

---

[3] Subject matter jurisdiction in this Court is premised upon diversity of citizenship under 28 U.S.C. § 1332.  Plaintiff is a citizen of New Jersey and alleges that Defendant Las Vegas Sands Corporation is a citizen of Nevada and any other state where it owns casinos and resorts, such as Pennsylvania.  The jurisdictional amount is alleged to exceed $75,000.

States . . . ." 42 Pa. Cons. Stat. Ann. § 5322(b). Due process requires that the nonresident defendant have "minimum contacts" with the forum state, and "that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice.'" *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Two types of personal jurisdiction have evolved from these due process principles: general jurisdiction and specific jurisdiction. General personal jurisdiction is satisfied when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and internal quotation omitted); *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016). Specific personal jurisdiction exists when "the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Remick*, 238 F.3d at 255 (citation and internal quotation marks omitted).

Plaintiff does not contend, nor can she, that specific personal jurisdiction exists here. In order to assert personal jurisdiction, Plaintiff must show that her claim arises out of or relates specifically to activities that the Defendant purposefully directed at the forum state. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citations omitted). Plaintiff's alleged injury occurred at a casino and resort in Las Vegas. Defendant, a Nevada corporation with its principal place of business in Nevada, is the parent corporation of that casino and resort. Plaintiff has made no allegations that Defendant had any contacts with Pennsylvania, aside from its ownership of a subsidiary casino and resort here. This is not sufficient. *See Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent

4

is sole owner of the subsidiary." (quoting *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980))); *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) ("[M]ere ownership of a subsidiary does not justify the imposition of liability on the parent."); *Dutoit v. Strategic Minerals Corp.*, 735 F. Supp. 169, 171 (E.D. Pa. 1990), *aff'd*, 922 F.2d 830 (3d Cir. 1990) ("A parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context"); *Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805-06 (3d Cir. 1981), *abrogated on other grounds by EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046 (3d Cir. 1993) ("Generally, a foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in the state."). Plaintiff's claim arose out of Defendant's activities in Nevada where her injury occurred, and not in Pennsylvania. The Court lacks specific personal jurisdiction over Defendant.

Nor can plaintiff establish that we have general jurisdiction over Defendant. General jurisdiction arises only if Defendant's affiliations with Pennsylvania are "so continuous and systematic as to render [it] essentially at home in the forum state." *Goodyear*, 564 U.S. at 919 (citation and internal quotation omitted). In *Daimler AG v. Bauman*, ___ U.S. ___, 134 S. Ct. 746, 761 n.19 (2014), the Supreme Court concluded that in all but the most "exceptional case[s]," a corporation is only "at home in a forum state" when it is (1) incorporated in that state or (2) has a principal place of business in that state. The Court specifically addressed whether a corporation may be subjected to a court's general jurisdiction based on the contacts of its subsidiary and concluded that it could not. *Id.* at 759, 762. The Court reasoned that its holding permits companies "to structure their primary conduct with some minimum assurances as to where that conduct will and will not render them liable to suit," and also "afford[s] plaintiffs

5

recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id.* at 760, 762 (citations omitted). In exceptional cases, general jurisdiction may exist if the operations of the corporation in the forum state are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19.

Here, Defendant Las Vegas Sands Corporation—the sole Defendant named in this action—is incorporated in Nevada, and has its principal place of business in Las Vegas, Nevada. Under *Daimler*, it is clear that Defendant is not subject to this Court's general jurisdiction because Pennsylvania is neither the state of its incorporation nor the location of its principal place of business. *Daimler*, 134 S. Ct. at 762; *Chavez*, 836 F.3d at 223 (concluding that parent corporation was not "at home" in Delaware because it was not incorporated there, does not maintain an office there, and "does not supervise its business there."); *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (recognizing that after *Daimler*, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business"); *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (declining to exercise general jurisdiction over corporate defendant that was not incorporated in New Jersey, had its principal place of business outside of New Jersey, and where the plaintiff failed to provide evidence that business activities otherwise gave rise to general jurisdiction). Plaintiff has offered no evidence related to Defendant's operations in, or contacts with, Pennsylvania. Defendant is in no sense "at home" in Pennsylvania simply because it owns stock in, and acts as a parent corporation for, Sands Bethlehem, a resort in Pennsylvania. *Daimler*, 134 S. Ct. at 762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them.").

Plaintiff argues that analysis under Pennsylvania's long-arm statute, which includes determining whether general or specific jurisdiction is met, is unnecessary because Las Vegas Sands Corporation was served with process in the state of Pennsylvania through its subsidiary. Plaintiff relies on a Pennsylvania statute that provides as follows:

> (a) General rule—the existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis for jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, . . . and to enable such tribunals to render personal orders against such person or presentative:
> . . .
> (2) Corporations –
> (i) incorporation under or qualification as a foreign corporation under the laws of this Commonwealth;
> (ii) Consent, to the extent authorized by the consent.
> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa. Cons. Stat. Ann. § 5301(a)(2). Specifically, Plaintiff contends that Defendant carries on "a continuous and systematic part of its general business" in Pennsylvania simply by owning the subsidiary casino and resort, Sands Bethlehem.[4] Plaintiff's argument is unpersuasive. A corporate parent does not carry on "a continuous and systematic part of its general business" through its subsidiary. If Plaintiff were correct, then the holdings of the Supreme Court in *Goodyear* and *Daimler* would be rendered meaningless. Plaintiff offers no other evidence to show that Defendant has contacts in Pennsylvania. As a result, Plaintiff has failed to establish that this Court has personal jurisdiction over Defendant.

If a district court lacks jurisdiction over an action, "the court shall, if it is in the interest of

---

[4] To support her argument, Plaintiff submits as evidence an article from Wikipedia—an inherently unreliable source of information—and Defendant's own website, both of which merely state that Defendant owns Sands Bethlehem, a fact that is uncontested by Defendant. This evidence does nothing to show that Defendant's connections to Pennsylvania are "so substantial and of such a nature as to render [it] at home in [Pennsylvania]." *Daimler*, 134 S. Ct. at 761 n.19.

justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. 28 U.S.C. § 1631. "Transfer pursuant to this section is appropriate where (1) jurisdiction is wanting in this court, (2) transfer is in the interest of justice, and (3) the action could have been brought in the transferee court at the time it was filed in this court." *Rodriguez v. Bush*, 367 F. Supp. 2d 765, 772 (E.D. Pa. 2005) (citing *Engelhard Indus., Div. of Engelhard Corp. v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 45, 49 (3d Cir. 1983)). Transfer to the District of Nevada is appropriate here. We have concluded that we lack jurisdiction. Neither party disputes that Plaintiff could have initially brought her claims in the District of Nevada. The interest of justice dictates the transfer of this action. While Plaintiff was reluctant to concede to the District of Nevada as a venue for her claims, she did agree to travel there for purposes of discovery, and her only alternative at this point would be dismissal of her claims, which would now be foreclosed by the statute of limitations.

### IV. CONCLUSION

Since the Court lacks jurisdiction over this matter, Plaintiff's Complaint will be transferred to the District of Nevada.

An appropriate Order follows.

                                                   **BY THE COURT:**

                                                   **R. BARCLAY SURRICK, J.**